Stephen M. Lobbin (SBN 181195)
sml@smlavvocati.com
**SML AVVOCTI P.C.**
888 Prospect Street, Suite 200
San Diego, California 92037
Tel: 949.636.1391

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| **DIGITAL VERIFICATION SYSTEMS, LLC,**<br><br>**Plaintiff,**<br><br>v.<br><br>**J2 GLOBAL, INC.,**<br><br>**Defendant.** | **Civil Action No. 2:20-cv-04986**<br><br>**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff, Digital Verification Systems, LLC. ("Digital Verification" or "Plaintiff"), through its undersigned attorneys, sues Defendant, J2 Global, Inc. ("J2"), and alleges as follows.

## NATURE OF THE ACTION

1.     This is an action for infringement of U.S. Patent No. 9,054,860 ("the '860 patent"), arising under the patent laws of the United States, Title 35, United States Code, 35 U.S.C. §§ 271 and 281.  This action relates to the unauthorized making, using, offering for sale, selling, and/or importing of unauthorized products that infringe the claims of the '860 patent.  As set forth herein, Plaintiff brings this action to enjoin

1  Defendant from infringing the '860 patent and to recover all damages associated with
2  the infringement of the '860 patent, including attorneys' fees and costs.

3  **PARTIES**

4      2.    Digital Verification is a corporation organized and existing under the laws
5  of the State of Texas, with its principal place of business at 1400 Preston Road, Suite
6  1400, Plano, Texas 75093.

7      3.    Upon information and belief, J2 is a corporation organized and existing
8  under the laws of the State of Delaware, with a headquarters at 6922 Hollywood Blvd.,
9  Suite 500, Los Angeles, CA 90028.

10  **JURISDICTION AND VENUE**

11      4.    This action arises under the patent laws of the United States, 35 U.S.C.
12  §§ 100, *et seq*, and this Court has jurisdiction over the subject matter of this action
13  under 28 U.S.C. §§ 1331 and 1338(a).  Venue is proper in this Court under 28 U.S.C.
14  §§ 1391, and 1400(b).

15      5.    Upon information and belief, this Court has personal jurisdiction over J2,
16  because, *inter alia*, J2 has a principal place of business in this district.

17      6.    Upon information and belief, J2 regularly and continuously transacts
18  business within the State of California, including availing itself of the privilege of
19  conducting business in the State of California by developing, manufacturing,
20  marketing, and/or selling its J2 products there for use by California citizens.  Upon
21  information and belief, J2 derives substantial revenue from its sales including residents
22  in the State of California.  For instance, J2 offers its products for sale online to
23  customers, including customers in California. *See* http://www.efax.com.

24      7.    Upon information and belief, J2 will directly and/or through its employees
25  or agents, and/or its customers, uses products, as defined below, that contain each and
26  every element of at least one claim of the '860 patent with the knowledge and/or
27  understanding that such products are used or will be used in this District. For example,
28  Defendant offers the accused product to customers in California through its website.

*See id.*  Upon information and belief, Defendant has engaged in substantial and not isolated activity within the district.  For these reasons, exercise of jurisdiction over Defendant is proper and will not offend traditional notions of fair play and substantial justice.

8.     Regarding at least some of its activities, Defendant solicits business from and markets its products to consumers within California by providing a product that verifies an assignment of a user, as described in the '860 patent.

9.     In addition to Defendant's continuously and systematically conducting business in California, the causes of action against Defendant are connected (but not limited) to Defendant's purposeful acts committed in the State of California including Defendant's use of a system and a method of digital identification verification, as described in the '860 patent.

10.     Defendant is a company that has a regular and established presence in the district and makes and uses a system and a method of digital identification verification.

11.     For the reasons set forth above, venue is proper in this judicial district under both 28 U.S.C. § 1400(b) because Defendant has committed acts of infringement and has a regular and established place of business in this district.

## BACKGROUND

12.     On June 9, 2015, the United States Patent and Trademark Office ("USPTO") duly and legally issued the '860 patent, entitled "Digital Verified Identification System and Method" after a full and fair examination.  *See* Exhibit A.

13.     Digital Verification is presently the owner of the patent, having received all right, title and interest in and to the '860 patent from the previous assignee of record.  Therefore, Digital Verification, as the owner of the entire right, title and interest in the '860 patent, possesses the right to sue for infringement of the '860 patent to recover past and present damages, as well as seek an injunction or reasonable royalties against future infringement.

**THE '871 PATENT**

14.     The '860 patent contains a total of thirty-nine (39) claims: four (4) independent claims and thirty-five (35) dependent claims.

15.     The '860 patent claims a digital verified identification system and a method of digital identification verification.

16.     Defendant commercializes, inter alia, a digital verification system comprising at least one digital identification module structured to be associated with at least one entity, a module generating assembly structured to receive at least one verification data element corresponding to the at least one entity and create said at least one digital identification module, said at least one digital identification module being disposable within at least one electronic file, and said at least one digital identification module comprising at least one primary component structured to at least partially associate said digital identification module with said at least one entity, wherein said at least one digital identification module is cooperatively structured to be embedded within only a single electronic file.

17.     Defendant also commercializes, inter alia, a method of digital identification verification, comprising: receiving at least one verification data element from an entity, creating at least one digital identification module corresponding to the entity, wherein the digital identification module includes at least one primary component at least partially associated with the entity, and embedding the at least one digital identification module within an electronic file, wherein said at least one digital identification module is cooperatively structured to be embedded within only a single electronic file.

18.     The '860 patent will expire no earlier than April 7, 2034 due, in part, to patent term adjustments.

19.     The '860 patent discloses and claims, in part, an invention for "a digital verified identification system and method having at least one digital identification module structured to be embedded or otherwise disposed within one or more electronic files." *See* Exhibit 1 at Col. 1, lines 46-48.  The invention disclosed and claimed in the '860 patent solved at least one technical issue in which "various electronic signatures or identifiers…are rather difficult to authenticate, and as such, it has become an arduous, if not impossible task to verify and/or authenticate the identity of the signatory to a respectable degree." *See id.* at Col. 1, lines 48-51.  In particular, the disclosed system and method allow for "a module or entity reference code and/or number, the signatory's name, the date/time, or other data corresponding to the signatory and/or the signatory's digital identification module." *Id.* at Col. 2, lines 12-17.

20.     Furthermore, the combination of elements – the software solution – allows for a system and method to "access some or all of the metadata components of the digital identification module, for example, by activating the module. Specifically, the user may hover a mouse or other pointing device thereon, or click on the digital identification module via the mouse or pointing device." *See id.* at Col. 2, lines 30-48. The present solution further allows "creating at least one digital identification module corresponding to the entity," "embedding the at least on digital identification module within an electronic file," such that the "at least one digital identification module is cooperatively structured to be embedded within only a single electronic file." *See id.* at Col. 8, lines 1-3, Col. 8, lines 21-24, and Col. 7, line 33 – Col. 8, line 62.

## INFRINGEMENT BY J2 AND ITS CUSTOMERS

21.     The accused products include, but are not limited to, J2's eSign product ("the Accused Product").  J2 makes, offers for sale, sells, and/or imports the Accused Product.  This constitutes direct infringement by J2 of the claims.  *See* Exhibit A.

22.     The Accused product is a process method of digital identification verification that is stored on the cloud and accessed by customers.  *See* https://efax.com/ and https://www.efax.com/features/electronic-signature; https://www.efax.com/myaccount/login.



23.     The Accused Product allows J2 to receive at least one verification data element from an entity (*i.e.,* a customer). The Accused Product allows a user to enter an access code for accessing documents. *See* https://efax.com/myaccount/login.

6



24.   The Accused Product also allows for J2 to create at least one digital identification module corresponding to the entity, wherein the digital identification module includes at least one primary component at least partially associated with the entity.  *See* https://www.efax.com/features/electronic-signature.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### Sign With a Finger Swipe

With eFax®, the new Finger Swipe technology is available on the fax app for iPhone and iPad and the fax app for Android. You can simply tap the eFax app on your mobile device, open a document, and trace your signature with your finger across the screen.

Sign a fax on your Android device with a swipe of your finger.

Sign a fax on your iOS device with a swipe of your finger.





Select the fax you would like to sign.

COMPLAINT FOR PATENT INFRINGEMENT



Select the pencil icon to add your signature.

Move and resize the signature as needed, then tap the checkmark to save your newly signed fax.

25.     The Accused Product allows J2 to embed the at least one digital identification module within an electronic file.  The Accused Product allows the customer to attach an e-signature and J2, through allowing access to the Accused Product, embeds the signature.   *See* https://www.efax.com/features/electronic-signature.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### Sign With a Finger Swipe

With eFax®, the new Finger Swipe technology is available on the fax app for iPhone and iPad and the fax app for Android. You can simply tap the eFax app on your mobile device, open a document, and trace your signature with your finger across the screen.

Sign a fax on your Android device with a swipe of your finger.

Sign a fax on your iOS device with a swipe of your finger.



# Electronic Signature

## Sign Faxes Online with Your Finger

Need to sign and send a fax in a hurry? Or even from the road? No problem. The eFax Electronic Signature feature lets you add your signature to a document electronically, whether you're at your computer, or on the road with just your tablet or smart phone.

eFax gives you two convenient options to capture your digital signature — snap a photo of your handwritten signature or simply swipe your finger across your mobile screen to sign. Simply select the digital signature you want to add to your document, drag and drop it right onto your online fax.

Using eFax and our mobile fax app, you'll never again have to worry about finding a printer or scanner to sign and send a fax.

26.     The Accused Product allows for J2 to cooperatively structure the at least one digital identification module such that it is embedded within only a single document.   https://www.efax.com/how-it-works/how-to-sign-a-fax-with-android. Upon information and belief, the information is embedded within the document to allow the customer to access and review the information.





Select the fax you would like to sign.



Select the pencil icon to add your signature.

27.    As shown in paragraphs 1-26 above, the Accused Product contains all of the elements of at least claim 1 and 26 of the '860 patent. Defendant's Accused Product is enabled by invention described and claimed in the '860 patent.

## COUNT I

## (DIRECT INFRINGEMENT OF THE '860 PATENT BY J2)

28.    Each of the preceding paragraphs 1 through 26 are realleged and incorporated as if fully set forth.

29.    In violation of 35 U.S.C. § 271, Defendant is now, and has been directly infringing the '860 patent.

30.    Defendant has had knowledge of infringement of the '860 patent, or will have knowledge of infringement of the '860 patent upon the service of this Complaint. Defendant's infringement of the '860 patent will thus be knowing and intentional at least upon the service of this Complaint.

1    31.    Defendant has directly infringed and continues to directly infringe at least

2  claim 1 of the '860 patent by making, using, offering to sell, selling, and/or importing

3  the Accused Product with a mobile device without authority in the United States.

4  Defendant does not have a license or authorization to use any product covered by the

5  claims of the '860 patent.

6    32.    As a direct and proximate result of Defendant's direct infringement of the

7  '860 patent, Plaintiff has been and continues to be damaged.

8    33.    By engaging in the conduct described herein, Defendant has injured

9  Digital Verification and is thus liable for direct infringement of the '860 patent,

10  pursuant to 35 U.S.C. § 271(a).

11    34.    As a result of Defendant's infringement of the '860 patent, Digital

12  Verification has suffered monetary damages and is entitled to a monetary judgment in

13  an amount adequate to compensate for Defendant's past infringement, together with

14  interests and costs.

15    35.    If infringement of the '860 patent by Defendant is not enjoined, Digital

16  Verification will suffer substantial and irreparable harm now and in the future for

17  which there is no adequate remedy at law.

18                         **<u>REQUEST FOR RELIEF</u>**

19    WHEREFORE, Digital Verification respectfully requests that this Court grant

20  the following relief:

21    1.    That Defendant be adjudged to have infringed the '860 patent directly,

22  literally and/or under the doctrine of equivalents;

23    2.    An order permanently enjoining J2, its affiliates, subsidiaries, and each of

24  its officers, agents, servants and employees, and those acting in privity or concert with

25  it, from making, using, offering to sell, or selling in the United States, or importing

26  into the United States, the Accused Product, any component of the Accused Product

27  that constitutes a material part of the claimed invention, or any product that infringes

28

the '860 patent until after the expiration date of the '860 patent, including any extensions and/or additional periods of exclusivity to which J2 is, or becomes, entitled;

3.     An award of damages pursuant to 35 U.S.C. §284 sufficient to compensate Digital Verification for the Defendant's past infringement and any continuing or future infringement up until the date that Defendant is finally and permanently enjoined from further infringement, including compensatory damages;

4.     An assessment of pre-judgment and post-judgment interest and costs against Defendant, together with an award of such interest, expert fees, and costs incurred during this litigation, in accordance with 35 U.S.C. §284;

5.     That Defendant's infringement after service of this Complaint is intentional and knowing infringement and the assessment of three times the damages found for infringement after service of this Complaint, in accordance with 35 U.S.C. §284;

6.     That Defendant be directed to pay enhanced damages, including Digital Verification's attorneys' fees incurred during this litigation pursuant to 35 U.S.C. §285; and

7.     Such further relief as this Court deems proper and just, including but not limited to any appropriate relief under Title 35.

## JURY TRIAL DEMAND

Pursuant to Fed. R. Civ. P. 38(b)(1) and (c), and L.R. 38-1, Plaintiff hereby demands a jury trial on all the issues in this action so triable of right by a jury.

Dated: June 4, 2020

Respectfully submitted,

SML AVVOCATI P.C.

By: __/s/ Stephen M. Lobbin

Attorneys for Plaintiff